IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:18-CV-595-DCK

| | |
|---|---|
| INTERNATIONAL ASSOCIATION OF SHEET METAL, AIR, RAIL AND TRANSPORTATION WORKERS, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) **ORDER** ) |
| TRANSIT MANAGEMENT OF CHARLOTTE, INC., | ) ) ) |
| Defendant. | ) ) ) |

**THIS MATTER IS BEFORE THE COURT** on Defendant's "Motion For Summary Judgment" (Document No. 16) and "Plaintiff SMART's Motion For Summary Judgment" (Document No. 17). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and these motions are now ripe for disposition. Having carefully considered the motions, the record, applicable authority, and the oral arguments of counsel at a Motions Hearing on November 6, 2019, the undersigned will grant Plaintiff's motion and deny Defendant's motion.

**I. BACKGROUND**

International Association of Sheet Metal, Air, Rail, and Transportation Workers ("Plaintiff" or the "Union") brought this case under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, after Transit Management of Charlotte, Inc. ("Defendant"), refused to follow the negotiated grievance and arbitration process with regard to employee Derrick Hector. (Document No. 1). Plaintiff and Defendant are parties to a collective bargaining agreement ("CBA"), which contains a grievance and arbitration provision. See (Document No. 17-3). To

resolve a prior grievance, Plaintiff, Defendant, and Hector agreed to a "Settlement Agreement" under which Hector was reinstated to his position with certain conditions. See (Document No. 17-4). The Settlement Agreement included a confidentiality provision in which the parties agreed to keep the terms of the agreement confidential. Id.

On June 21, 2018, Defendant terminated Hector's employment, claiming he violated the confidentiality provision of the Settlement Agreement. The Union disagreed that Hector violated the Settlement Agreement, and attempted to invoke the CBA's grievance and arbitration process to resolve the dispute over Hector's termination. Defendant refused to process the grievance or proceed to arbitration, and the Union filed suit.

Plaintiff's claim under the LMRA is that the dispute over Hector's termination is covered by the CBA's grievance and arbitration provision, and Plaintiff seeks an order compelling Defendant to proceed to arbitration for the dispute. (Document No. 1). After a brief period of discovery, the parties filed cross-motions for summary judgment. (Document Nos. 16 and 17).

## II. STANDARD OF REVIEW

The standard of review here is familiar. Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted). Only disputes between the parties over material facts (determined by reference to the substantive law) that might affect the outcome of the case properly preclude the entry of summary judgment. Anderson v. Liberty Lobby, Inc.,

477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." Id.

When considering cross-motions for summary judgment, a court evaluates each motion separately on its own merits using the standard set forth above. See Rossignol v. Voorhaar, 316 F.3d 516, 522 (4th Cir. 2003); accord Local 2-1971 of Pace Int'l Union v. Cooper, 364 F.Supp.2d 546, 554 (W.D.N.C. 2005).

### III. DISCUSSION

Under the Supreme Court's standard for determining the arbitrability of a labor dispute, the parties first must have an agreement to submit disputes to arbitration. AT&T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 648 (1986) (quoting United Steelworkers of America v. Warrior & Gulf Navigation Company, 363 U.S. 574, 582 (1960)). Second, "unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." AT&T, 475 U.S. at 649; see also BG Group, PLC v. Rep. of Argentina, 572 U.S. 24, 34 (2014). Third, "in deciding whether the parties have agreed to submit a particular grievance to arbitration, a court is not to rule on the potential merits of the underlying claims." Id. Finally, where the parties have agreed to an arbitration provision, there is a presumption of arbitrability. Id. at 650 ("Doubts should be resolved in favor of coverage.") (citing Warrior & Gulf, 363 U.S. at 582-83). "[T]he party contesting the presumption of arbitrability bears the burden of producing strong and forceful evidence of an intention to exclude the matter from arbitration." United Steelworkers of Am. v. Lukens Steel, 969 F.2d 1468, 1475 (3rd Cir. 1992).

The parties do not dispute that their CBA contains a broad grievance and arbitration procedure for the resolution of disputes, nor that they are parties to the Settlement Agreement. The Settlement Agreement states, in pertinent part:

> 3. Norman Stocker, arbitrator, retains jurisdiction over any grievance that goes to arbitrator [sic] involving Derrick Hector following the three month probationary period; and,
> 4. The parties agree that the terms of this agreement are to remain confidential and that neither party will discuss the terms or negotiation of this agreement. Should Hector violate the confidentiality of this agreement the agreement is voided and he is subject to termination without grievance rights as set forth in the Collective Bargaining Agreement. The Company too agrees to be bound by this Confidentiality provision and will so inform those involved in the arbitration and the negotiation of this agreement and in the grievance process of same.

(Document No. 17-4).

Defendant contends that based on paragraph 4, the Union has waived any right to grieve or arbitrate the issue of Hector's termination for violation of the confidentiality provision. The Union contends that the issue of whether Hector violated the confidentiality provision must be submitted to an arbitrator for resolution.

This Court finds that the language in the Settlement Agreement is ambiguous, and therefore Defendant is unable to meet its required burden to exclude the Hector dispute from arbitration. (Document No. 17-4); See also AT&T, 475 U.S. at 650; Cumberland Typographical Union No. 244 v. Times & Alleganian Co., 943 F.2d 401, 404 (4th Cir. 1991). Under paragraph 4 of the agreement, if Hector is found to have violated the confidentiality provision, then he can be terminated without recourse to the grievance and arbitration process. However, the agreement does not specify *who* makes the initial determination of whether Hector has violated the confidentiality provision. One reasonable interpretation of paragraph 4 is that an arbitrator is to

determine whether Hector violated the confidentiality provision. Moreover, paragraph 3 of the agreement states that arbitrator Norman Stocker retains jurisdiction over "any grievance" following the three-month probationary period for Hector. "Any grievance" could include the dispute over whether Hector violated the confidentiality provision.

Because this Court finds that the Settlement Agreement has not unambiguously excluded the Hector dispute from arbitration, this matter should be resolved by an arbitrator. See, e.g., Lukens Steel, 969 F.2d at 1478 ("[W]hen a settlement agreement bars arbitration of the penalty for violating it, yet fails to specify who is to determine whether a violation has occurred, we decline to infer that the parties intended to exclude this threshold question from arbitration … Having presented no other evidence of an intention to exclude the grievances from arbitration, [the company] failed to meet its burden of overcoming the presumption of arbitrability."); United Steel Workers v. Century Aluminum of Kentucky, 157 Fed.Appx. 869, 873-74 (6th Cir. 2005) (concluding that language in agreement was "sufficiently ambiguous to accept as reasonable [the union's] interpretation that only the penalty of termination, and issues related to the penalty of termination, are expressly excluded from arbitration under the CBA"); Pace Int'l Union, v. Vacumet Paper Metalizing Corp., 91 Fed.Appx. 380, 383 (6th Cir. 2004) (concluding agreement providing that "any violation of the Company policy or rules may result in discharge and the Employee and/or union may not challenge the discharge in the grievance or arbitration procedure" was susceptible to a reasonable interpretation that only the final question of punishment was expressly excluded from arbitration); Stewart v. United States Postal Service, 926 F.2d 1146, 1147-49 (Fed.Cir. 1991) (finding LCA in that case did not preclude the union from arbitrating the threshold question of whether the employee had breached that agreement).

Based on the parties' briefs, as well as counsel's presentations at the Motions Hearing, the undersigned will grant summary judgment in favor of Plaintiff and direct the parties to proceed with arbitration.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendant's "Motion For Summary Judgment" (Document No. 16) is **DENIED**.

**IT IS FURTHER ORDERED** that "Plaintiff SMART's Motion For Summary Judgment" (Document No. 17) is **GRANTED**.

**SO ORDERED**.

Signed: November 19, 2019

David C. Keesler
United States Magistrate Judge